The Court delivered the following decree :
This case comes before the Court on motion to set aside certain executions which have been lodged in the sheriff’s office, by the register, to enforce the collection of certain fees of office claimed by him from Pierce Butler | and to. order the money paid thereon to the sheriff to be refunded: and also to reduce the bills of costs, for excessiveness and illegality.
It was contended on the argument in support of the motion, that the items of fees, charged by the register in the bills complained of, were against law; that the act of assembly, which furnishes the only rule, enumerates the fees allowable, and forbids any other or higher charges.
To this it was answered for the register, that the words of the act do not contain any negative words ap - plicable to the items in dispute ,• that the law enumerates certain services and affixes certain fees, and forbids any other or higher fees being charged for said services, but is silent as to other services; that where other services, not enumerated, are performed, the register has a just claim to a fair compensation ; and that such a claim has been sanctioned by the judgment of a bench of three judges, which has established the right of the officer-to such fees as he now claims.
I have examined the act of February, 1791, which regulated the fees of public officers, with attention. The. clauses which apply arc as follow': « Be it enacted, &c. *181 That the several and respective fees hereinafter mentioned, and no others, shall be paid and taken in the respective public offices in this state, and by those entitled to fees throughout the same for the different services in the . . , . • , . respective suits m tins act specified and contained, mlieu of all other demands whatever for said services 3 any law, usage, or custom, to the contrary thereof in anywise notwithstanding.” Then follows an enumeration of the services usually incident to each cause, and the fees for the performance of them. « And be it further enacted, That if any public officers of this state, or other person or persons entitled to fees by this act, and in the foregoing lists particularly mentioned, shall táice or receive any further, other or greater fee or reward, for any of the services in the said foregoing lists respectively-mentioned, or shall invent or contrive any other or further fee or reward for any of the said services, then, and in every such case, the person or persons, so offending, upon due proof and conviction, shall forfeit,” &c. &c, And in another clause: “ And no person shall be com-pellable to pay any of the aforesaid fees unless at the time of the demand, or before distress of goods is made, an account thereof shall be delivered, signed by the officer to whom the same is due, specifying distinctly every article in words at length, with the particular fee charged for it, and shall give a receipt for the same if required.” " And be it enacted, &c. That the several clerks and registers of the courts of justice, and sheriffs, throughout the state, shall collect in and receive their own fees from the different suitors, or persons who are liable to pay the same in the said courts of justice respectively,55 &c. &c. “ And be it further enacted, That all former and other acts for regulating and establishing salaries and fees throughout this state, or in the districts and counties thereof, .shall be, and the same are hereby repealed.55
Upon a careful perusal of these clauses of the act, one cannot hut be struck with the idea that the legislature intended to enumerate all the services which it was *182 supposed could be requisite or necessary in each cause» ant* a^ow a compensation for those and no other. This intention appears to me so strong, that if the thing res i!^e§Ta’ I confess I should not feel myself at liberty to allow any fees for any services alleged to be performed, not comprised in the act. But the question lias been decided by a full bench of all the judges then constituting the Court of Equity. The case of Fisher and Shubrick was solemnly argued, and it was there decided that there were some services which might be performed, for which the register might demand fees, tho’ not enumerated in the lists in the act. This indeed is not decided in so many words, but it is in substance ; because the Court did in that case sanction many items of charge, for services alleged to be performed, which are not comprised in the act.
This undoubtedly must have been done on the ground, that however the general expressions of the act seemed to restrict the right of public officers to the fees actually enumerated, yet there are other words in the act which qualify that generality; and on inspection of the fee bill there does appear some grounds for their construction, for the restrictions usually close by saying that no other fees shall be taken than those affixed to the enumerated services ; which seems to leave the question open, whether, if there were other services claimed and actually performed, beyond the enumerated lists, the officer performing them might or might not demand fees for those extra services ? My respect for the decision of a full bench would lead me very far to accord with it; or, at any rate, to acquiesce in their construction of an act which is susceptible of some doubt. I am not indeed wholly satisfied with this construction, because it does appear to me that the intention of the legislature was to enumerate all possible necessary services in each cause, and to restrict the demands of public officers to the enumerated fees. With these conflicting impressions, I should be sorry to be obliged to decide this question, sitting singly. As, however, my decision on this motion *183 will turn on another point, it is not necessary for me to give a definitive opinion on tlie main question.
Admit, for argument sake, that there was no doubt that the act of the legislature did not positively forbid fees being claimed for services other than those enumerated, the question then arises, on what ground the register is entitled to claim a compensation for such non-enumerated, but really necessary and performed services ? His claim cannot rest on the statute. It must rest then on the common and just principle, that every man, whether in public service or in private life, is entitled to reasonable compensation for services claimed from him and done by him for another person. He must claim on a quantum meruit. But how is the reasonable reward for such service to be ascertained ? Certainly not on his own arbitrary charge. I cannot think of any other methods than the following : — 1st, by suit, and the verdict of a jury. 2d, by the ordinary and established method fixed by the course of the Courts, to wit, by the taxation of the master, an experienced and confidential officer of the Court and of the law.
The first method, that by suit, would be intolerably burthensome to the officer and to the suitors of the Court. The second method, by tire taxation of the master, would give reasonable security to the suitors that they would not be obliged to pay for services not performed, or unreasonably, for services actually performed.
But this taxation, thus substituted for suits, for the convenience of all, would seem to be indispensable. The officer has no claim established till the taxation takes place. He has no claim under the act j and his claim on the quantum meruit must he made out, by the proof of the service performed and of the reasonableness of the fee charged, to the satisfaction of the competent authority. Unless this be done, he cannot legally enforce his claim.
Has this been done in the case under consideration ? The answer is that it has not nay more that the - *184 ^er re^use^ 'CQ ^ax ^ie Mils in question. Then it follows that the officer having no claim to the non-enumerated foes under the act, and not having established his claim on ^ie ffuantum meruit, by suit or by taxation by the master, had no right to enforce his demand on his own mere motion.
Independently of this defect there is another which is equally conclusive. We have seen by one of the above recited clauses of the act that no person shall be compellable to pay any of the fees claimed from him, unless at the time of the demand, or before distress of goods is made, an account thereof shall be delivered, signed by the officer to whom the same is due, specifying distinctly every article in words at length, with the particular fee charged for it, &c. Now it is not pretended that this was done ; on the contrary the counsel for the register relied upon a supposed waver of the i*ight of. the i)arty to have such account rendered to him. There can be no doubt that a man may wave or renounce the advantage of anile or law made for his benefit. But such waver must be made out very clearly. It does not appear to me that it has been made out in this case. I should doubt indeed the agent’s authority to wave the right unless specially directed, of which there is no proof; but in reality no such waver appears to have been made, either by the agent or the principal. The only ground relied upon as a waver was that the officer was informed if he would obtain Mr. Pringle’s approbation of the bills, or the taxation of the master, the bills should be paid. Such waver, if it amounted to one, was coupled with a condition which has never been complied with 5 for Mr. Pringle has not approved of the bills, nor has the master taxed them. But the very reference to the master or Mr. Pringle implies an exhibition of the account, and it was the officer’s duty to obtain the . approbation of the one or the taxation of the other, if he meant to rely on this offer.
It might perhaps he unnecessary to give any opinion of the right of the register to issue an execution to en- *185 lorce his claim when once legally established. But I have no objection to state that in my opinion he has a right to do so. One of the clauses of the act directs that the several clerks and registers of the courts of justice, and sheriffs shall collect in and receive their own fees from the different stiitors, or persons who are liable to pay the same. How could these officers collect in, what was due to them, when refused by the suitors, but by an execution. This regulation was not intended as a mockery, which it would be if there Was no legal means of enforcing the demand.* And the very clause which is relied upon to shew that the register was bound to furnish an account to the party duly made out and signed, expressly states that this must be done before distress'of goods is made, which can be done only by an execution. Besides, as was well observed by the counsel for the register, the decree for costs is part of the judgment of the Court and may be enforced by execution as well as any other part of the decree. If therefore the register had established his claim to the fees in question, I should not doubt his right to enforce the collection by execution.
It was insisted in the argument against the motion that the party came too late, as he had paid the money under the execution into the hands of the sheriff, that the execution was functus offocio, and that his money could not be recovered back but by suit at law.
It was stated to the Court by one party and not denied by the other, that the money was not paid to the sheriff under the executions, but conditionally to avoid the painful circumstance of an advertisement and sale under the levy 5 and that the money should remain in the hands of the sheriff till the question of right could be settled. I must therefore consider the money in the hands of the officer of the Court, and subject to the order of the Court.
*186 Upon the whole I feel myself bound to grant this motion, and to order that the executions issued in this case be se^ aside as irregularly issued, without the officer hav-complied with the requisites of the act of Assembly? and prescribed by the course of the Qourt $ and that the sheriff do refund the money to the party who has paid it under the irregular execution.
And it is further ordered that the register do furnish regular bills of the fees claimed by him to the party interested or liis solicitor, and that the master do tax them according to law.
The register does not appear to haye appealed from this decree. At least there is no note of any appeal in the copies furnished me from the office.

 When the law gives an advantage or a right., it famishes th£ rneap-s to enforce it.